Estate of Howard Teel, Deceased, P. C. Newton, Executor v. Commissioner.
Estate of Howard Teel v. Commissioner
Docket No. 62637.
United States Tax Court
1958 Tax Ct. Memo LEXIS 60; 17 T.C.M. (CCH) 836; September 4, 1958
*60 WITHEY
Order WITHEY, Judge: Upon consideration of the joint motion of the parties for "Reconsideration of Tax Court Opinion and for Modification of Findings of Fact" of our Memorandum Findings of Fact and Opinion filed May 29, 1958 (T.C. Memo. 1958-101) [17 TCM 513], to eliminate from the net worth statement of $12,750 on December 31, 1951, and December 31, 1952, representing the value of 500 shares of Cascades Plywood Corporation stock, said inclusion in the net worth statement being attributable to the inadvertence and mutual mistake of the parties, it is ORDERED: That the Memorandum Findings of Fact and Opinion filed May 29, 1958 (T.C. Memo. 1958-101) [17 TCM 513], be and is hereby amended as follows: Page 5, add new last paragraph to respondent's net worth statement as modified by stipulation as follows: 12/31/51
12/31/52
12/31/53
Cascade Plywood
Corp. Stock
$5,175.00
$5,175.00
$5,175.00
Page 6, the following corrected table should be substituted for the second table: 12/31/50
12/31/51
12/31/52
12/31/53
$54,736.77
$14,569.76
$21,051.33
$11,682.38
Page 6, delete the first *61 and second paragraphs following the second table and substitute the following paragraphs: "The correct taxable net income of decedent for the taxable years 1951, 1952, and 1953 was $51,848.26, $37,102.70, and $20,635.74, respectively. "Decedent realized unreported income for the taxable years 1951, 1952, and 1953 in the amounts of $9,723.08, $12,611.25, and $6,142.86, respectively." Pages 9 and 10, delete last paragraph on page 9 ending on page 10 and delete first full paragraph on page 10 and substitute the following paragraphs: "The net worth statement prapared by the respondent, as subsequently modified by the parties on stipulation, discloses an increase in the net worth of Howard Teel for 1951, 1952, and 1953 in the amounts of $14,569.76, $21,051.33, and $11,682.38, respectively. Taking into account non-deductible expenditures, such as Federal taxes and living expenses, and comparing the result with the net income reported on the decedent's income tax returns, the net worth determination shows unreported income for 1951, 1952, and 1953 in the respective amounts of $9,723.08, $12,611.25, and $6,142.86. "We accordingly hold that the utilization by the respondent of the *62 increase in net worth method of determining the income of the decedent for 1951, 1952, and 1953 was not arbitrary or without justification." In all other respects the Memorandum Findings of Fact and Opinion remains as filed.